THOMAS J. GORHAM, TRUSTEE, APPELLANT, v. JOHN F. KENNEDY COLLEGE, INC., APPELLEE.

217 N. W. 2d 919

Filed May 9, 1974. No. 39307.

Richard A. Vestecka, Thomas J. Gorham, and Dennis C. Tegtmeier, for appellant.

Richard E. Weaver, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action on several promissory notes executed by defendant and delivered to Grant G. Fiedler for a valuable consideration. They were assigned to plain-

tiff after maturity. The execution and delivery of the notes is conceded. The sole defense is that the notes were discharged by a written renunciation signed by the payee and delivered to defendant. Judgment was entered for the defendant. We reverse.

The sole question presented is the legal effect of the alleged renunciation which is as follows: "I will surrender my notes in the amount of $8,500.00 to John F. Kennedy College. Grant G. Fiedler, RFD 1, Ceresco, Nebr."

Section 3-605, U. C. C., provides: "(1) The holder of an instrument may even without consideration discharge any party * * *

"(b) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged."

By renunciation is meant the abandonment of a right. See Black's Law Dictionary (Deluxe 4th Ed.), p. 1462. The words "I will" in the sense here used connote future action. See Webster's Third New International Dictionary. The language used does not indicate an outright renunciation of the payee's rights under the notes as of the time the instrument was executed. Rather, it appears to have reference to the second clause of section 3-605 (1) (b), U. C. C., regarding discharge by surrender of the notes. Viewed in this light the instrument is simply a promise, made without consideration, to surrender the notes at some time in the future. The promise is not enforceable and without an actual surrender of the notes they have not been discharged.

The judgment of the District Court is reversed and, since under the pleadings and the evidence the sole issue presented is the issue of law here determined, the District Court is directed to enter judgment for the plaintiff.

REVERSED AND REMANDED.

BOSLAUGH, J., concurs in the result.