DELL, Judge.
Appellants, mortgagors of certain real property, appeal from a final summary judgment of foreclosure.
In 1975, David Sami and Nissam Begas, who was later withdrawn from the suit, entered into an agreement to sell Superior Sanitation, Inc., to appellants. As partial consideration for the sale, appellants executed a note and mortgage in the amount of $165,000' in favor of Sami and Begas. The note provided for equal monthly payments according to a specified amortization schedule. Shortly after the transaction closed, appellants became dissatisfied with the income which the business produced and also with certain equipment they purchased. They complained through the years 1976 and 1977, and then withheld the monthly mortgage payments in April and May of 1977. Shortly thereafter, Sami and Begas executed and delivered the following memorandum to appellants:
TO THE CONCERNED PARTIES:
RE: SUPERIOR CONTRACT
In sympathy of the fact that Joseph Winters and Louis LaPietra have lost a considerable amount of accounts, David Sami and Nissim Begas have agreed to omit the 68th, 67th, 66th, 65th, 64th, part of 63rd monthly Amortization payments. The aggregate total not to exceed $11,-000.00.
It is understood that these accounts were not guaranteed in any way and we were not obligated in any way to do this. It is a good will jesture [sic] from Mr. Begas and Mr. Sami, and in no way is it to be considered a modification of their contract as a whole. (Emphasis added.)
When appellants received the memorandum they resumed making monthly mortgage payments and continued to make all payments as they came due through and including the sixty-second monthly payment. Appellants then notified Sami and Begas that they would omit payments sixty-three through sixty-eight. Subsequently appellants remitted an additional $506.74 which remained due under the sixty-third monthly *522 amortization payment. Appellants made no further payments. Begas and Sami filed suit to foreclose under the mortgage. In their reply to appellants’ affirmative defenses and in deposition they alleged that they executed, the memorandum to induce appellants to resume making monthly mortgage payments and to avoid appellants’ continued complaints. The trial court rejected appellants’ defense of accord and satisfaction and entered summary judgment in favor of appellee.
Appellants contend that the document executed by Begas and Sami constituted a valid release of their obligation to make the final installments numbered sixty-three through sixty-eight and they had therefore discharged their obligation under the note and mortgage.
Appellee asserts here as he did in the trial court that he and Begas executed the document while under duress, without consideration, and that it only constituted a promise to renounce the right to payment at some time in the future. The trial court held that the document did not constitute a cancellation or renunciation under Section 673.605(l)(b), Florida Statutes (1983) and found:
Defendants’ Motion for Judgment on the Pleadings is denied. Section 673.-605(l)(b), Florida Statutes, is not applicable to the $11,000 memorandum of credit (Exhibit “A” to said Defendants’ Motion) because Plaintiffs neither “renounced their rights by a writing signed and delivered” nor was there a “surrender of the instrument (being the subject promissory note) to the party to be discharged.” A mere declaration or memorandum by the creditor to the effect that he gives or intends to give the debt to the debtor or that he does not desire or intend that the debt shall be paid or collected at a future date is ineffectual for such purpose, 63 A.L.R.2d 277 (Section 7).
Support for the trial judge’s conclusion can be found in Gorham v. John F. Kennedy College, Inc., 191 Neb. 790, 217 N.W.2d 919 (1974) wherein the court held that:
By renunciation is meant the abandonment of a right. See Black’s Law Dictionary (Deluxe 4th Ed.), p. 1462. The words “I will” in the sense here used connote future action. See Webster’s Third New International Dictionary. The language used does not indicate an outright renunciation of the payee’s rights under the notes as of the time the instrument was executed. Rather, it appears to have reference to the second clause of section 3-605(l)(b), U.C.C., regarding discharge by surrender of the notes. Viewed in this light the instrument is simply a promise, made without consideration, to surrender the notes at some time in the future. The promise is not enforceable and without an actual surrender of the notes they have not been discharged.
Id. at 791, 217 N.W.2d at 920.
We find the language used in the document sub judice distinguishable from Gor-ham. Here the agreement clearly stated that “David Sami and Nissim Begas have agreed to omit the 68th, 67th, 66th, 65th, 64th, part of 63rd monthly Amortization payments.” We construe the words “have agreed to omit” as a present renunciation of the right to receive payments numbered sixty-three through sixty-eight, and not merely a promise of future action. A dispute existed as to the underlying agreement. When Sami and Begas agreed to omit payments sixty-three through sixty-eight they reduced the balance due on the note and effectively reduced the agreed purchase price. In return appellants fulfilled their modified obligation under the agreement. The language used brings the document within Section 673.605(l)(b), Florida Statutes (1983) which provides:
(1) The holder of an instrument may even without consideration discharge any party:

(b) By renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.
*523 Begas and appellee Sami signed a written agreement which evidences a present renunciation of a future right and delivered it to appellants. Since appellants made all the payments except those omitted under the agreement, the trial court erred when it determined that appellants had failed to fully satisfy their obligation under the note and mortgage.
Accordingly, we reverse the judgment of foreclosure.
REVERSED.
ANSTEAD, C.J., concurs.
WALDEN, J., dissents (without opinion).